UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LAWSON,

     Petitioner,

vs.                                                                    Case No. 98-CV-73381

FRANK ELO,                                                  HON. AVERN COHN

     Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 71) AND DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed.

Before the Court is Petitioner's motion for relief from judgment under Fed. R. Civ. P.

60(b)(4).  For the reasons that follow, the motion is DENIED.

II.

On September 24, 1999, the Court entered an opinion and order denying

Petitioner's application for habeas relief.  (Doc. 36).  Petitioner's request for

reconsideration was subsequently denied.  (Doc. 43).  Petitioner's later requests for a

certificate of appealability were denied both by the Court and by the United States Court

of Appeals for the Sixth Circuit.  (Docs. 49, 54).

On August 18, 2000, Petitioner filed a motion under Fed. R. Crim. P. 60(b),

essentially once again requesting the Court to reconsider the merits of his habeas

petition.  (Doc. 57).  On August 25, 2000, the Court denied the motion.  (Doc. 58).  The

Court also denied a certificate of appealability, (Doc. 62), as did the Sixth Circuit.  (Doc.

69).

On June 12, 2013, Petitioner filed the instant motion, his second motion under Rule 60(b).  (Doc. 71).

III.

Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings."  Fed. R. Civ. P. 60(c).

IV.

As an initial matter, Petitioner's motion, his second under Rule 60(b), was signed and dated on June 5, 2012, almost 15 years after the Court denied his habeas petition. This is not within a reasonable time.  The motion may be denied on this ground.

Moreover, the motion fails on the merits.  Petitioner relies on subsection (b)(4) of Rule 60(b) as grounds for relief.  Rule 60(b)(4) pertains to void judgments, i.e. a judgment that should have never entered.  See Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 (6th Cir.2001) (Batchelder, J., concurring) ("A void judgment is one

2

which, from its inception, was a complete nullity and without legal effect." (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir.1 972))). " 'A judgment is not void ... simply because it is or may have been erroneous,' " United Student Aid Funds, Inc. v. Espinosa, —— U.S. ——, 130 S.Ct. 1367, 1377 (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)) and "a motion under Rule 60(b)(4) is not a substitute for a timely appeal," Id. Otherwise, "Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (emphasis added).

Petitioner has not satisfied this standard. Petitioner makes the same arguments considered and rejected in his habeas petition. To the extent he presents new arguments, he has not demonstrated that the judgment denying him habeas relief in 1999 is void.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must

3

prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.  Petitioner has failed to show that he is entitled to a COA.  Accordingly, a COA is DENIED.

     SO ORDERED.

                     S/Avern Cohn
                     AVERN COHN
                     UNITED STATES DISTRICT JUDGE

Dated:  June 19, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 19, 2013, by electronic and/or ordinary mail.

                     S/Sakne Chami
                     Case Manager, (313) 234-5160